
RECEIVED
IN LAKE CHARLES, LA
NOV 2 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:94 CR 20057-001 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| REGINALD LASTRAPES | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is a Motion under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence [doc. 40] filed by the defendant, Reginald Lastrapes ("Lastrapes"). The motion has been opposed by the Government and Lastrapes filed a Reply. This matter is fully briefed and ready for disposition.

Procedural History

On October 11, 1994, Lastrapes pleaded guilty to a Bill of Information charging him with distribution of .42 grams of cocaine base or crack in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

On May 4, 1995, Latsrapes was sentenced to 188 months imprisonment which was to run consecutively to any other sentence.

On December 1, 1995, the Fifth Circuit vacated and remanded the case for re-sentencing. On April 18, 1996, pursuant to remand from the Fifth Circuit, the district court issued an amended judgment indicating that the sentence was 188 months imprisonment that was to run concurrently with his state sentence. Judgment was entered on April 19, 1996. The judgment became final ten

days after April 19, 1996.

## Law and Analysis

The Government argues that Lastrape's motion is untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year period of limitations for a prisoner to file a habeas petition under 28 U.S.C. § 2255. The limitations period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In a criminal case, a notice of appeal must be filed "within 10 days after the ... entry of ... the judgment." Fed. R.App. P. 4(b)(1)(A). If the defendant fails to file a notice of appeal, the conviction becomes final. Lastrapes's conviction became final ten days after the amended judgment was entered on April 19, 1996. He had one year from that date to file a §2255 motion. The instant motion was filed March 23, 2005.

The Government argues that the defendant's §2255 motion is untimely. The defendant argues that his motion is timely under ¶¶ 2 and 3 of the statute of limitations because be is relying

upon the retroactive application of *United States v. Booker*, - U.S.-, 125 S.Ct. 738, -L.Ed.2d - (Jan. 12, 2005) and *Shepard v. United States*, 125 S.Ct. 1254, 1257 (2005).

The law is clear that neither *Booker* nor *Shepard* are applicable retroactively to cases on collateral review. In discussing the consequences of its decision, the *Booker* court stated that the decision would apply to cases on direct review. *Booker*, 125 S.Ct. at 769. The Fifth Circuit has held that *Booker's* holding is not retroactively applicable to cases on collateral review. *Padilla v. U.S.*, 416 F.3d 424, 427 (C.A.5 (Tex.), 2005).

To the extent that Lastrapes contends that his claim involves a right newly-recognized by the Supreme Court in *Shepard* and made retroactively applicable to cases on collateral review, the court notes that *Shepard* has not been made retroactive.[1] In any event, Lastrapes would not be entitled to relief. The Supreme Court in *Blakely* and *Booker* reaffirmed its holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that *other than the fact of a prior conviction*, a fact that increases a criminal penalty beyond the prescribed statutory maximum must be admitted by the defendant or proved to a jury beyond a reasonable doubt. *See Blakely*, 124 S.Ct. at 2536; *Booker*, 125 S.Ct. at 756. *Shepard* involves what a court may and may not consider in determining whether a defendant's prior convictions qualify as predicate offenses for application of the Armed Career Criminal Act.[2] *Shepard's* holding does not apply to Lastrapes, and the rule of

---

[1] *Olivas-Gutierrez v. United States*, No. EP05CA-0139 DB, EP02CR-1406 DB, 2005 WL 1241871 at *4 (W.D. Tex., May 19, 2005); *Gutierrez v. United States*, No. Crim. 01-331, ADM/AJB, Civ. 05-855 ADM, 2005 WL 1490361 at *3 (D. Minn., Jun 23, 2005); *Langley v. United States*, No. 1:04CV952, 2:96CR95-1, 2005 WL 1114710 at *1 (M.D.N.C. May 5, 2005); *Morales v. United States*, No. Crim. 99-229(3) ADM/A, Civ. 03-980 ADM, 2005 WL 807051 at *7 (D. Minn. April 7, 2005).

[2] *U.S. v. Armstrong*, 2005 WL 2562023, *1 (3rd Cir.(Pa. (C.A.3 (Pa.), 2005).

3

*Apprendi* applies. Lastrapes was not sentenced to a term beyond the statutory maximum. Therefore, the §2255 motion will be denied.[3]

Lake Charles, Louisiana, this 28 day of November, 2005.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] By letter dated July 12, 2005, Lastrapes cited *Dodd v. United States*, 125 S.Ct. 2478 (2005) for the argument that the *Shepard* and *Booker* decisions render his §2255 motion timely because a district court can retroactively apply cases on collateral review when a right has been newly recognized by the Supreme Court. *Dodd* discussed actual innocence and held that "actual innocence" is unrelated to the statutory timeliness rules. See *Gildon v. Bowen*, 384 F.3d 883 (7th Cir.2004). "Actual innocence" permits a second petition under § 2244(b)(2)(B)--it clears away a claim that the prisoner defaulted in state court or by omission from the first federal petition--but does not extend the time to seek collateral relief. Section 2244(d) sets the timing rules for all petitions. The Supreme Court said in *Dodd* that a second or successive petition must meet these requirements--and this is so, the Court added, even if the time runs out before a given avenue of attack on the conviction becomes legally and factually tenable.

*Dodd* stands for the proposition that the one year limitation under §6(3) of §2255 begins to run on the date the Supreme Court "initially recognized" the right asserted in a motion. *Dodd* does not extend *Shepard* and *Booker* to cases on collateral review.